UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
:
THEODORE KING and GARY LA BARBERA, :
Trustees of the Local 282 International :
Brotherhood of Teamsters Welfare, Pension, :
Annuity, Job Training and Vacation/Sick Leave :
Trust Funds, :            **ORDER**
: 01-CV-3797 (DLI)(VVP)
     Plaintiffs, :
:
   -against- :
:
UNIQUE RIGGING CORP. and UNIQUE :
WAREHOUSING AND LEASING CORP., :
:
     Defendants. :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

  No objections have been filed to the Report and Recommendation of the Honorable Viktor V. Pohorelsky, U.S.M.J. dated September 22, 2006. Accordingly, the Report and Recommendation is hereby adopted in full. It is also hereby

  ORDERED that plaintiffs be awarded the following damages: (1) $945,158.77 in unpaid contributions; (2) interest on the unpaid contributions in the amount of $757,478.82 through September 20, 2006, plus $414.32 per day to the date of judgment; (3) liquidated damages in an amount equal to the award of interest on the unpaid contributions; (4) $97,708.75 in attorneys' fees; and (5) $4,401.77 in costs.[1] It is further hereby

  ORDERED that plaintiffs' motion dated July 19, 2006, for an order pursuant to New York Civil Practice Law and Rules ("NY CPLR") § 5229, is denied. Section 5229 states, "In any court, *before a judgment is entered*, upon motion of the party in whose favor a verdict or decision has been rendered, the trial judge may order examination of the adverse party and order him restrained with the same effect as if a restraining notice had been served upon him after judgment." It is in the trial court's discretion whether to grant the injunctive relief. *See Sequa v. Nave,* 921 F. Supp. 1072, 1076 (S.D.N.Y. 1996) (granting a § 5229 motion because the adverse party was shown to have transferred

---

[1] The Magistrate Judge left open the question of audit fees in the amount of $13,815.00 and directed plaintiffs to submit additional materials on the matter. By letter dated September 27, 2006, plaintiffs waived the outstanding audit fees. As such, the court declines to award plaintiff audit fees.

1

assets during the pendency of the motion and after it was granted). If the location of the potential judgment assets is known and there is no reason to believe that the adverse party will seek to circumvent the judgment, an examination prior to judgment is unnecessary. *See* 11 Weinstein, Korn, Miller, New York Civil Practice ¶ 5229.04 (2005). Here, the instant order enters judgment against defendants, thereby rendering plaintiffs' § 5229 motion moot. In any event, the motion is denied because no evidence exists suggesting that defendants have fraudulently disposed of or diverted assets since the date of the court's granting summary judgment to plaintiffs. It is further hereby

ORDERED that the Clerk of the Court close the file maintained in this matter, and enter judgment as set forth herein.

DATED:   Brooklyn, New York
         October 27, 2005

_____/s/_____
DORA L. IRIZARRY
United States District Judge